UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL FARAH,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO HOME MORTGAGE, et al,<br><br>　　　　　　　　　Defendants. | Case No.: 13-cv-1127 PSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR STAY OF UNLAWFUL DETAINER ORDER**<br><br>**(Re: Docket No. 10)** |

Plaintiff Paul Farah ("Farah") seeks to stay a writ of execution issued by the Santa Clara County Superior Court in an unlawful detainer action brought by Defendant U.S. Bank, N.A. ("US Bank").[1] The unlawful detainer action parallels a suit Farah brings in this court against Defendants Wells Fargo Home Mortgage, et al ("Defendants") in which Farah alleges they engaged in fraudulent and deceptive business practices in the foreclosure process.[2] Farah removed the unlawful detainer action from state court and sought to relate that case to the suit he filed in this court.[3] The court found that it did not have subject matter jurisdiction over the unlawful detainer action and remanded it back to state court.[4]

---

[1] *See* Docket No. 23.

[2] *See* Docket No.

Case No.: 13-1127 PSG
ORDER

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Upon remand, the state court apparently moved forward with the unlawful detainer action and issued a writ of execution ordering Farah to vacate the property at issue in the foreclosure action and to pay monetary damages to US Bank.[5]  Farah now requests that this court issue a stay of that order on the grounds that he will be irreparably injured.[6]

In his affirmative case, Farah alleges that Defendant Wells Fargo ("Wells Fargo") engaged in fraudulent and deceptive business practices when it proceeded with a foreclosure sale and denied him an opportunity to engage in a short sale of his home.[7]  According to Farah, after being denied a loan modification in 2009,[8] he applied for approval from Wells Fargo of a short sale.[9]  In May 2012, after notification that a document was missing, Farah and his agent re-filed the documents with Wells Fargo and requested a postponement of an impending June 2012 foreclosure sale.[10] Farah alleges that Wells Fargo assured him that it had received his documentation and was considering the short sale offer.[11]  Farah states that as a result he assumed the foreclosure sale would be postponed.[12]

---

[3] *See U.S. Bank Nat. Assn. v. Silva*, Case No. 13-0364 PSG, 2013 WL 1120504, at *1 (N.D. Cal. Mar. 18, 2013).

[4] *See id.*

[5] *See* Docket No.

[6] *See id.*

[7] *See* Docket No. 1 ¶ 5.

[8] *See id.* ¶ 3.B.

[9] *See id.* ¶ 3.C.

[10] *See id.* ¶ 3.G.

[11] *See id.* ¶ 3.K.

[12] *See id.*

2

Case No.: 13-1127 PSG
ORDER

Wells Fargo, however, did not postpone the foreclosure sale, which went forward on June 1, 2012.[13]  According to Farah, Wells Fargo did not contact him about the rejection of his short sale offer until after the foreclosure sale, and the Wells Fargo representative indicated that the bank had rejected the offer on May 7, 2012.[14]  Farah alleges that the representative said that although the bank does not always communicate rejections of short sales, it had sent Farah a letter.[15]  Farah claims that he obtained a copy of the letter the representative identified and that it spoke only to loan modification rather than the short sale status.[16]

Farah claims that because Wells Fargo failed to apprise him of the status of his short sale offer, it committed fraud in proceeding with the foreclosure sale.[17]  US Bank apparently obtained title from Wells Fargo pursuant to the foreclosure sale, which Farah claims was a "fraudulent transaction."[18]  Farah claims that because US Bank acquired the title "illegally," it is "not entitled to possession" of the property.[19]  Farah thus argues that the unlawful detainer writ of execution should be stayed because it is the product of an unlawful foreclosure process and sale.

Farah styles his request as a motion to stay but he also suggests in his papers that the court issue a temporary restraining order ("TRO") to prevent enforcement of the writ of execution.[20]  To the extent that his request targets an ongoing state court action, the Anti-Injunction Act expressly prohibits federal courts from enjoining state court proceedings, save for three narrowly construed

---

[13] *See id.* ¶ 3.L.

[14] *See id.* ¶ 3.N.

[15] *See id.*

[16] *See id.*

[17] *See* Docket No. 10 ¶ 1.G.

[18] *See* Docket No. 1 ¶ 3.O.

[19] *See id.* ¶ 3.P.

[20] *See* Docket No. 10 ¶ 2.

3

Case No.: 13-1127 PSG
ORDER

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

exceptions that do not apply here: (1) when "expressly authorized by Act of Congress"; (2) "Where necessary in aid of [the court's] jurisdiction"; or (3) "to protect or effectuate [the court's] judgments."[21]   "An injunction against an unlawful detainer action is not expressly authorized by Congress" nor is "such an injunction necessary to aid [the] court's jurisdiction."[22]   Because the court has not issued a judgment in Farah's case, there is no judgment that an injunction could protect or effectuate.  Absent the existence of one of these exceptions, the court cannot issue an injunction that interferes with a state court action.

To the extent Farah's request is styled as a request for a TRO, he has not shown that he is entitled to this form of relief.  TROs, like preliminary injunctions,[23] are "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[24]  To be entitled to a TRO, Farah "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[25]

It is unclear from Farah's papers what irreparable harm he claims will occur absent a TRO, but he identifies the inability to proceed with the short sale process as the primary injury from Wells Fargo's and US Bank's actions.[26]  The court does not determine whether the inability to move forward with a short sale qualifies as irreparable harm because Farah has not shown a likelihood of success on the merits.  He claims that Wells Fargo should be liable under promissory

---

[21] *See* 28 U.S.C. § 2283; *Michener v. Wells Fargo Home Mortg.*, Case No. 12-2003 PJH, 2012 WL 3027538, at *4 (N.D. Cal. July 24, 2012).

[22] *Michener*, 2012 WL 3027538, at *4.

[23] *See New Motor Vehicle Vd. V. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977).

[24] *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

[25] *Michener*, 2012 WL 3027538, at *3.

[26] *See* Docket No. 1 ¶ 5; Docket No. 10 ¶ 4.B.

4

Case No.: 13-1127 PSG
ORDER

estoppel or fraud for its assurances that he could move forward on a short sale while it double-tracked him on a foreclosure schedule.[27]   Farah has not explained, however, how he relied on Wells Fargo's representations to his detriment as is required for both fraud and promissory estoppel claims.[28]   Although he may not have wanted Wells Fargo to foreclose on the property, he alleges no change in position based on its alleged representations that he could move forward with the short sale.   Because he has not alleged facts supporting that element, he is not likely to succeed on the merits of his claim.   A TRO therefore is not appropriate.

Farah's request for a stay of the unlawful detainer action or in the alternative a TRO is DENIED.

**IT IS SO ORDERED.**

Dated: April 5, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[27] *See* Docket No. 10 ¶ 4.A.

[28] *See West v. JPMorgan Chase Bank, N.A.*, --- Cal. Rptr. 3d --- (2013) (listing justifiable reliance as an element of fraud and inducement of action or forbearance as an element of promissory estoppel).

5

Case No.: 13-1127 PSG
ORDER