UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL FARAH,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>WELLS FARGO HOME MORTGAGE and<br>U.S. BANK NATIONAL ASOCIATION,<br><br>　　　　　Defendants. | Case No.: 5:13-cv-01127-PSG<br><br>**ORDER GRANTING-IN-PART DEFENDANTS' MOTION TO DISMISS**<br><br>**(Re: Docket No. 29)** |

In this foreclosure-related action, Defendants Wells Fargo Home Mortgage ("Wells Fargo") and U.S. Bank National Association ("U.S. Bank") (collectively, "Defendants") move to dismiss Plaintiff Paul Farah's third amended complaint ("TAC").[1] Farah opposes.[2] The parties appeared for a hearing. As set forth below, having considered the papers and arguments, the court GRANTS-IN-PART Defendants' motion.

---

[1] *See* Docket Nos. 27 and 29.

[2] Farah filed a notice of opposition (Docket No. 31), but the docket reflects Farah's failure to file the opposition itself. Farah appeared in person at the hearing, pro se, and opposed the merits of Defendants' motion.

1

Case No.: 5:13-cv-01127-PSG
ORDER GRANTING-IN-PART DEFENDANTS' MOTION TO DISMISS

# I. BACKGROUND

Farah and Wells Fargo executed a Deed of Trust that was recorded on August 5, 2005.[3] In 2009 Farah unsuccessfully sought a loan modification "while experiencing hardship and reduction in income."[4] Farah tried to sell the house "conventionally" in 2010.[5] At an indeterminate time Farah first disclosed to Wells Fargo his intent to short sell the property, in part, to protect his credit rating.[6] Farah believed he had reached an understanding with Wells Fargo that any scheduled foreclosure sale would be delayed while Wells Fargo evaluated the short sale offers submitted by Farah.[7] Farah claims he had a backup plan to avoid foreclosure on his property – access to his retirement funds – that he planned to tap in the event Wells Fargo rejected the short sale offers he submitted.[8]

In late April 2012 Farah submitted a short sale for Wells Fargo's review.[9] Farah's real estate agent "discovered in late May that Wells Fargo was not planning to postpone the sale and alerted Farah of her findings."[10] "On May 31, 2012, Farah placed several calls to Wells Fargo" to inquire about the short sale proposal and possibly postpone the pending foreclosure proceedings.[11] Farah "spoke with several people who all assured Farah that the offer and sale postponement" were

---

[3] The court draws the following facts, taken as true for the purposes of this motion to dismiss, from the TAC. *See* Docket No. 27 at 4.

[4] *Id.*

[5] *Id.*

[6] *See id.*

[7] *See id.*

[8] *See id.*

[9] *See id.*

[10] *Id.* at 5.

[11] *Id.*

2
Case No.: 5:13-cv-01127-PSG
ORDER GRANTING-IN-PART DEFENDANTS' MOTION TO DISMISS

both in process.[12]  At bottom, Farah claims he got the "runaround" from Wells Fargo employees who "conspired to withhold information, making him believe that Wells Fargo would be postponing the sale" so it could continue to process the offer.[13]  Wells Fargo "executed on their intended [foreclosure] sale the next day (June 1, 2012)."[14]

On March 13, 2013 Farah responded with this suit alleging fraudulent and deceptive business practices.[15]  Farah amended his complaint the next day.[16]  Without apparent objection, on June 11, 2013 Farah again amended his complaint[17] and on June 20, 2013 he amended the complaint a third time.[18]  The TAC alleges (1) fraud; (2) breach of contract; (3) breach of good faith, fiduciary duty and fair dealing; and (4) unlawful transfer of title and possession.[19]  Farah seeks (1) rescission, (2) quiet title, (3) money damages, and (4) credit file corrections.  The court will address each of Farah's claims in turn.

## II. LEGAL STANDARDS

### A.   Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[20]  When a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief

---

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *See* Docket No. 1.

[16] *See* Docket No. 5.

[17] *See* Docket No. 22.

[18] *See* Docket No. 27.

[19] *See id.* at 7-9.

[20] Fed. R. Civ. P. 8(a)(2).

3

Case No.: 5:13-cv-01127-PSG
ORDER GRANTING-IN-PART DEFENDANTS' MOTION TO DISMISS

may be granted.[21] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22] Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[23] Dismissal without leave to amend is appropriate if it is clear that the complaint could not be saved by amendment.[24]

**B.     Fed. R. Civ. P. 9(b)**

"A party must state with particularity the circumstances constituting fraud or mistake," which requires "statements regarding the time, place, and nature of the alleged fraudulent activities" under Rule 9(b).[25] "Mere conclusory allegations of fraud are insufficient."[26] To satisfy the heightened standard under Rule 9(b), allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."[27] This includes "the who, what, when, where, and how of the misconduct charged."[28] Plaintiff must also allege what is false or misleading about a statement, and why it is false."[29] "A court may dismiss a claim

---

[21] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[23] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[24] *See Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[25] *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994).

[26] *Id.*

[27] *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

[28] *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

[29] *GlenFed*, 42 F.3d at 1548.

4

Case No.: 5:13-cv-01127-PSG
ORDER GRANTING-IN-PART DEFENDANTS' MOTION TO DISMISS

grounded in fraud when its allegations fail to satisfy [Rule] 9(b)'s heightened pleading requirements."[30]

### C. Rescission

"Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a 'valid and viable tender [offer] of payment of the indebtedness.'"[31] The tender rule requires a plaintiff to (1) "demonstrate a willingness to pay" and (2) "show the ability to pay."[32] "The rationale behind the rules is that if [the borrower] could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the [borrower]."[33] Tender is a requirement in a quiet title action as well as in any action to set aside a trustee sale.[34] Further, the borrower must offer to pay the full amount of the debt for which the property was a security.[35]

Tender is not required where (1) "the borrower's action attacks the validity of the underlying debt" since "it would constitute an affirmation of the debt"; (2) "the person who seeks to set aside the trustee's sale has a counter-claim or set-off against the beneficiary"; (3) "it would be inequitable to impose such a condition on the party challenging the sale"; or (4) "the trustor is not required to rely on equity to attack the deed because the trustee's deed is void on its face."[36]

---

[30] *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1064 (E.D. Cal. 2010).

[31] *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1183-84 (N.D. Cal. 2009) (quoting *Karlsen v. Am. Sav. & Loan Ass'n*, 158 Cal. App. 3d 575, 578 (1971)).

[32] *Id.* (quoting *In re Worcester*, 811 F.2d 1224, 1231 (9th Cir. 1987)).

[33] *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 112 (2011).

[34] *See Sowinski v. Wells Fargo Bank, N.A.*, Case No. 3:11-6431-SC, 2012 WL 5904711, at *2 (N.D. Cal. Nov. 26, 2012).

[35] *See Abdallah v. United Sav. Bank,* 43 Cal. App. 4th 1101, 1109 (1996).

[36] *Id.* (describing exceptions to the tender requirement).

5
Case No.: 5:13-cv-01127-PSG
ORDER GRANTING-IN-PART DEFENDANTS' MOTION TO DISMISS

## III. DISCUSSION

### A.   The Tender Rule

Defendants first challenge the entire TAC because it fails to allege a valid tender.[37] Under ordinary circumstances a debtor is required to allege a valid tender as a precondition of challenging a foreclosure sale.[38] All that the TAC alleges is that Farah was prepared to cure the default, if Wells Fargo denied his short sale offer. By itself, however, Farah's representation does not establish that any recognized exception to the tender rule applies, for example, that Plaintiffs are challenging the validity of underlying debt,[39] that Plaintiffs have an offset against their creditor,[40] or that the foreclosure sale was void.[41] The final exception, inequity, is generally invoked only when the sale at issue has yet to occur.[42] Here, the sale already occurred. As a result, Farah's TAC

---

[37] *See* Docket No. 29 at 5 ("Under California law, a plaintiff challenging a foreclosure sale under any cause of action or theory must tender the amount received under the loan. . . . Simply stated, Plaintiff cannot challenge the foreclosure sale and quiet title to the property without paying or tendering what he borrowed.").

[38] *See Sierra-Bay Fed. Land Bank Assn. v. Superior Court*, 227 Cal. App. 3d 318, 337 (1991) (the "debtor must offer to do equity by making a tender or otherwise offering to pay his debt"); *Alicea v. GE Money Bank*, Case No. 4:09-cv-00091-SBA, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure.").

[39] *Soares v. ReconTrust Co., N.A.*, Case No. 3:12-cv-00070-SC, 2012 WL 1901234, at *11 (N.D. Cal. May 25, 2012) (quoting *Lona*, 202 Cal. App. 4th at 112 (the "tender rule does not apply where the borrower's action attacks the validity of the underlying debt")).

[40] *See Ward v. Pickett*, Case No. 4:13-cv-01735-DMR, 2013 WL 5496549, at *11 (N.D. Cal. Oct. 3, 2013) (quoting *Lona*, 202 Cal. App. 4th at 112-13 (the tender rule does not apply "when the person who seeks to set aside the trustee's sale has a counter-claim or set-off")).

[41] *See Tamburri v. Suntrust Mortgage, Inc.*, Case No. 3:11-cv-02899-EMC, 2011 WL 6294472, at *4 (N.D. Cal. Dec. 15, 2011) (quoting Miller & Starr California Real Estate 3d § 10:212 ("When the sale is totally void, a tender usually is not required.")).

[42] *See Nissim v. Wells Fargo Bank, N.A.*, Case No. 4:12-cv-01201-CW, 2013 WL 192903, at *9 (N.D. Cal. Jan. 17, 2013) (quoting *Chan Tang v. Bank of Am., N.A.*, Case No. 11-cv-2048-DOC, 2012 WL 960373, at *5 (C.D. Cal. Mar. 19, 2012) (noting that where plaintiff seeks equitable relief to postpone or prevent the sale, many "courts have refused to extend the tender rule to cases where the foreclosure sale has not yet occurred")); *see also Robinson v. Bank of America*, Case No. 5:12-cv-00494-RMW, 2012 WL 1932842, at *3-4 (N.D. Cal. May 29, 2012); *Bowe v. American Mortg. Network, Inc.*, Case No. 11-cv-08381-DDP-SHX, 2012 WL 2071759,

does not adequately plead tender as required to challenge the foreclosure sale and quiet title to the property.

Defendants urge that to the extent any claim derives from Farah's attempt to challenge the foreclosure in the TAC, the claim fails, based on the lack of tender. Defendants' cited case law, however, does not support the broad reading of the effect of the lack of tender Defendants urge.[43] There nevertheless is no question that Farah's claim for unlawful transfer of title and possession is implicated.

With this understanding of the TAC's failure to satisfy the tender requirement, and the effect of this failure, the court will turn to each of Farah's four causes of action individually.

**B.      Unlawful Transfer of Title and Possession of Property Against Wells Fargo and U.S. Bank**

The TAC alleges title to the property was fraudulently procured. Defendants respond that Farah has not identified any defect in the foreclosure proceedings, but "simply avers that the trustee's sale was unlawful because Plaintiff was unable to finalize a short sale contract."[44] Because Farah has not articulated a particular defect in the foreclosure proceedings – Defendants continue – the trustee's sale must be presumed valid. The court agrees that Farah's claim for unlawful transfer of title and possession of property fails to sufficiently identify any defect in the foreclosure proceedings, and thus fails to allege facts upon which relief can be granted. Moreover, as outlined above, the TAC does not allege a valid tender or that an exception to the tender rule

---

at *3 (C.D. Cal. June 8, 2012); *Giannini v. American Home Mortg. Servicing, Inc.*, Case No. 3:11-cv-04489-TEH, 2012 WL 298254, at *2-3 (N.D. Cal. Feb. 1, 2012); *Tamburri*, 2011 WL 6294472, * 3; *Sacchi v. Mortgage Electronic Registration Systems, Inc.*, Case No. 11-cv-1658-AHM-CWX, 2011 WL 2533029, at *1 (C.D. Cal. June 24, 2011).

[43] Docket No. 29 at 3. For example, in *Ngoc Nguyen v. Wells Fargo Bank, N.A.* (cited by Defendants), although Judge Laporte found that the plaintiff's claims for wrongful foreclosure, quiet title, and injunctive and declaratory relief failed based on a lack of tender, she still separately addressed plaintiff's fraud-based claims and found those allegations failed because they were not pled with the requisite particularity. *See* 749 F. Supp. 2d 1022, 1033-36 (N.D. Cal. 2010).

[44] *See* Docket No. 29 at 7.

7
Case No.: 5:13-cv-01127-PSG
ORDER GRANTING-IN-PART DEFENDANTS' MOTION TO DISMISS

applies. Because the court is not yet convinced that amendment to this claim would be futile, this claim is DISMISSED with LEAVE TO AMEND.

### C. Fraud

The TAC alleges Wells Fargo "conspired to mislead Farah when he called multiple times on May 31, 2012, during which Wells Fargo employees withheld information" and gave Farah the run around.[45] According to the TAC, Wells Fargo "provided material information" that they knew "was false or ignored its truth as they did not want him to exercise his legal rights and options available to him" which led to Farah's detriment and injury.[46] Defendants assert Farah fails to plead his fraud-based claim with specificity required pursuant to Fed. R. Civ. P. 9(b). In particular, Defendants argue that the TAC does not allege who made the "fraudulent representations," what authority those agents had "to speak on behalf of Wells Fargo," and "how these statements prejudiced him."[47] The court agrees that Farah's allegations do not adequately describe who from Wells Fargo made what promises to Farah regarding the pending foreclosure sale. Although Farah has not plead his fraud-based claim with the particularity required by Rule 9(b), the court is again not yet convinced further amendment would be futile. Farah's fraud-based claim, therefore, is DISMISSED with LEAVE TO AMEND.[48]

### D. Breach of Contract

The TAC alleges Farah "was preempted by Wells Fargo from implementing his mitigation strategy to his detriment and was not allowed to act as he entered into the short sale contract with

---

[45] Docket No. 27 at 7.

[46] *Id.*

[47] Docket No. 29 at 4.

[48] It is unclear from the TAC whether or not a claim for fraud is being raised against U.S. Bank, but to the extent Farah intended to bring a claim for fraud against U.S. Bank that claim is also DISMISSED with LEAVE TO AMEND.

8

Case No.: 5:13-cv-01127-PSG
ORDER GRANTING-IN-PART DEFENDANTS' MOTION TO DISMISS

the security of a backup plan to change his position if necessary" to avoid foreclosure.[49] The TAC suggests Farah believes he entered into a binding contract with Wells Fargo that was breached when Wells Fargo sold the property through foreclosure proceedings.[50]

"Under California law, the elements of a breach of contract claim are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damage to plaintiff."[51] Defendants argue that the "mere offer to postpone the trustee's sale of a property if a borrower finds a short sale buyer does not create a binding contract."[52] Defendants cite *Grant v. Aurora Loan Servs., Inc.* for the proposition that a plaintiff's allegation that a bank offered "to consider a short sale in lieu of foreclosure" with suitable documentation, "at most, constituted a promise to enter into a future agreement" and not a binding contract.[53] The court agrees with Defendants that it is "well settled that 'if an 'essential element' of a promise is reserved for the future agreement of both parties, the promise gives rise to no legal obligation until such future agreement is made.'"[54] Here, it is undisputed that the terms of the short sale were essential to the contract. The TAC does not allege that the parties agreed to terms of the proposed short sale, just that Wells Fargo would consider Farah's proposal. On that basis, the court finds Farah and Wells Fargo did not enter a binding contract. Because the court again is not yet

---

[49] Docket No. 27 at 8.

[50] *See* Docket No. 27 at 8 (explaining breach of contract cause of action and how Farah "relied on Wells Fargo to act in good faith" to "his detriment").

[51] *EPIS, Inc. v. Fid. & Guar. Life Ins. Co.*, 156 F. Supp. 2d 1116, 1124 (N.D. Cal. 2001) (modifying punctuation) (citing *Reichert v. General Ins. Co.*, 68 Cal. 2d 822, 830 (1968)).

[52] Docket No. 29 at 5.

[53] 736 F. Supp. 2d 1257, 1266 (C.D. Cal. 2010).

[54] *Cnty. of Alameda v. Superior Court*, Case No. A121590, 2009 WL 2993813, at *5 (Cal. Ct. App. Sept. 21, 2009) (quoting *City of Los Angeles v. Super. Ct. of L.A. Cnty.*, 51 Cal. 2d 423, 433 (1959)); *But see Copeland v. Baskin Robbins U.S.A.*, 96 Cal. App. 4th 1251, 1255-60 (2002) (holding that in circumstances where essential elements have been agreed to by the parties, agreements to negotiate may be enforceable).

9
Case No.: 5:13-cv-01127-PSG
ORDER GRANTING-IN-PART DEFENDANTS' MOTION TO DISMISS

convinced that further amendment would be futile, Farah's claim for breach of contract is DISMISSED with LEAVE TO AMEND.

### E.        Breach of Good Faith, Fiduciary Duty, and Fair Dealing

Defendants respond to Farah's claims of breach of good faith, fiduciary duty, and fair dealing by pointing out that in order "to state a claim for breach of an implied covenant of good faith and fair dealing, the specific contractual obligation from which the implied covenant of good faith and fair dealing arose must be alleged."[55] "This is because it is universally recognized that the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract."[56] Accordingly the "prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract."[57] The court agrees that, as a matter of law, because there was no underlying contract between Farah and Defendants, Farah's claim for breach of good faith and fair dealing fails.

As to the breach of fiduciary duty claim, Defendants argue that the relationship between a lending institution and the borrower-client is not fiduciary in nature. The court again agrees with Defendants that Farah has alleged no facts to indicate why a fiduciary relationship exists between the parties.[58] Once again, because the court is not convinced that amendment would be futile,

---

[55] *Grant*, 736 F. Supp. 2d at 1268 (quoting *Inter-Mark USA, Inc. v. Intuit, Inc.*, Case No. 3:07-cv-04178-JCS, 2008 WL 552482, at *6 (N.D. Cal. Feb. 27, 2008).

[56] *Id.* (citations and quotations omitted).

[57] *Id.* (citations and quotations omitted).

[58] *See Fortaleza v. PNC Fin. Servs. Grp., Inc.*, 642 F. Supp. 2d 1012, 1025 (N.D. Cal. 2009) (quoting *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 n.1, 1096 (1991) ("The relationship between a lending institution and its borrower-client is not fiduciary" in nature and, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.")); *Oaks Management Corp. v. Superior Court*, 145 Cal. App. 4th 453, 466 (2006) (absent special circumstances, a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender).

10
Case No.: 5:13-cv-01127-PSG
ORDER GRANTING-IN-PART DEFENDANTS' MOTION TO DISMISS

Farah's claims of breach of good faith, fiduciary duty, and fair dealing are all DISMISSED with LEAVE TO AMEND.

Any amended complaint shall be filed no later than November 19, 2013.

**IT IS SO ORDERED.**

Dated: November 5, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: 5:13-cv-01127-PSG
ORDER GRANTING-IN-PART DEFENDANTS' MOTION TO DISMISS