IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL FARAH,<br>        Plaintiff,<br>  v.<br>WELLS FARGO HOME MORTGAGE, et al.,<br>        Defendants. | Case No. 13-cv-01127-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. No. 97 |

Before the Court is defendant Wells Fargo Home Mortgage's ("Wells Fargo") "Motion for Summary Judgment or Partial Summary Judgment," filed December 7, 2017, by which Wells Fargo seeks judgment in its favor on plaintiff Paul Farah's ("Farah") sole remaining cause of action, a claim for fraud.[1]  Farah has filed opposition, to which Wells Fargo has replied.  The matter came on regularly for hearing on January 19, 2018, after which, each party, with leave of court, filed supplemental briefing.  The Court, having considered the parties' respective written submissions and the arguments presented at the hearing, rules as follows.

Under California law, to establish a claim for fraud, a plaintiff must show: "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage."  See Hoffman v. 162 N. Wolfe LLC, 228 Cal. App. 4th 1178,

---

[1] The claim is alleged in Farah's Fourth Amended Complaint ("4AC").

1185-86, (Cal. Ct. App. 2014).

Farah's fraud claim arises from events occurring after Farah defaulted on his home mortgage loan, and the lender, Wells Fargo, foreclosed. In particular, Farah asserts Wells Fargo first failed to disclose facts, and then made false representations and/or concealed facts, bearing, in each instance, on Farah's ability to avoid the scheduled trustee's sale. By the instant motion, Wells Fargo contends Farah is unable to raise a triable issue as to its liability based on either such theory. See Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (holding summary judgment proper where non-moving party fails to raise a "genuine, triable issue of material fact"). The Court addresses each theory in turn.

**A.    Nondisclosure**

On June 1, 2012, Farah's house was sold at the trustee's sale. Farah's fraud claim is based, in part, on Wells Fargo's asserted failure to disclose its denial of Farah's short sale application in time for Farah to exercise any of several loss mitigation options, namely, filing for bankruptcy, curing his default, and submitting additional short sale applications, by which Farah could have attempted to avoid the sale of his house.

To the extent Farah's claim is based on such theory, his claim fails, as Wells Fargo has submitted undisputed evidence showing Wells Fargo, on May 7, 2012, informed the Investment Realty Center ("IRC"), Farah's authorized agent, that Farah's short sale application had been denied.[2]

First, there is no dispute that Farah has conceded he authorized the IRC to be "responsible for having any communications with Wells Fargo regarding the short sale." (See Declaration of Megan C. Kelly ("Kelly Decl."), filed Dec. 7, 2018, Ex. D (Farah Dep.) at 111:9-15; see also id. at 110:15-21 (testifying IRC "was responsible for . . . keeping track of the short sale process on [his] behalf with Wells Fargo"); Declaration of Paul Farah ("Farah Decl."), filed Mar. 12, 2018, Ex. Q (letter from Wells Fargo to Farah)

---

[2] Farah does not contend such notice was untimely.

2

(acknowledging Farah authorized IRC to "receive information [from Wells Fargo] and make limited updates" on Farah's account).) Second, there is no dispute that Wells Fargo, on May 7, 2012, informed the IRC that Farah's short sale application "ha[d] been declined." (See Kelly Decl., filed Dec. 28, 2017, Ex. G at 2 (online message to IRC from Wells Fargo); see also Kelly Decl., filed Dec. 7, 2017, Ex. E (Farah Dep.) (testifying IRC was "notified that the short sale request was denied on May 7th, 2012").)

In light of the above, and contrary to Farah's contention, Wells Fargo did not have a duty to directly inform him of the denial. See Santillan v. Roman Catholic Bishop of Fresno, 163 Cal. App. 4th 4, 10-11 (Cal. Ct. App. 2008) (holding, where "agent was under a duty to disclose certain information, the principal is bound by the agent's knowledge of that information whether or not the agent communicated it to the principal").

Under such circumstances, the Court finds Wells Fargo has shown Farah is unable to raise a triable issue as to Wells Fargo's liability based on a theory of nondisclosure.

### B. False Representation/Concealment

As noted above, Farah's fraud claim is also based on a theory of false representation and/or concealment. Specifically, Farah contends that, on May 31, 2012, the day before the scheduled trustee's sale, Farah made several calls to Wells Fargo, that during those calls three Wells Fargo employees told him that his short sale application was "in process" (see Farah Declaration (attached to 4AC), filed Dec. 2, 2013, ¶ 7(a)),[3] and that Farah, believing a "sale postponement 'could' come through" (see id.), did not submit for review two additional short sale offers he had in his possession.

To the extent Farah's fraud claim is based on such theory, the claim likewise fails, as he cannot show he suffered any damage in reliance on such statements.

---

[3] It is undisputed that none of the Wells Fargo employees with whom Farah spoke were his "assigned Home Preservation Specialist," and all informed Farah that they "could not . . . provide Farah with the status of the [application], as the only person who was allowed to provide that information" is the "assigned Home Preservation Specialist." (See id. ¶ 7(a).)

3

In particular, Wells Fargo has submitted undisputed evidence establishing that, as of May 31, 2012, it was too late for Wells Fargo to consider any new short sale offer, the sole loss mitigation option Farah asserts was still available to him by that date. (See Kelly Decl., filed Dec. 28, 2017, Ex. B ("Response to Requests for Admission") at 3 (admitting he was "not planning to" file for bankruptcy and it was too late to cure default); Declaration of Meredith R. Deal (Wells Fargo "Vice President Loan Documentation"), filed Feb. 9, 2018, ¶ 12 (averring that, "[a]s of May 30, 2012, a new short sale review would not be initiated because the short sale offer and related information is needed 10 days prior to the foreclosure sale . . ."); id. Ex. O (Wells Fargo "servicing notes entries" from June 1, 2012) (stating: "[Farah] cant [sic] be reviewed for SS [short sale] now because we need at least 10 business days to work the file . . .").)

Under such circumstances, the Court finds Wells Fargo has shown Farah is unable to raise a triable issue as to Wells Fargo's liability based on a theory of false representation and/or concealment.

**C. Conclusion**

Accordingly, for the reasons stated above, the motion is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: April 30, 2018

MAXINE M. CHESNEY
United States District Judge

4